HADDEN et al. v. DOOLEY et al.

(Circuit Court of Appeals, Second Circuit. April 4, 1899.)

No. 25.

On rehearing. For former opinion, see 92 Fed. 274.

Henry B. Twombly, for appellants.

Edward W. Paige, for appellees.

Before WALLACE and SHIPMAN, Circuit Judges.

SHIPMAN, Circuit Judge. The contention of the appellees upon the rehearing is that the statement of facts in regard to the service of the Hadden attachment on May 21, 1895, was not sustained by the testimony, and that it did not appear when the warrant was delivered to the sheriff, or that any one but the appellants knew of it until after May 25th. The court had found that the removal of the 45 cases to Brooklyn was for the purpose of preventing the appellees from completing their attachment of the goods. Upon examination of the record, it appears that in answer to the question: "I show you a warrant of attachment (Plaintiffs' Exhibit 47). When was' that received in the sheriff's office?"—the deputy sheriff said, "That was received May 21st." Plaintiffs' Exhibit 47 was not the Hadden & Co. warrant, but the Rice warrant, of attachment, which was obtained May 16th, and was attempted to be served on May 18th; and, if there was no other or explanatory testimony, the contention of the appellees would be supported. The entire testimony of the deputy sheriff shows that the reference to Exhibit 47 was a clerical error or a mistake; that the warrant for the Hadden attachment was delivered to the sheriff on May 21st; that a copy was on the same day delivered to Thompson, who had the immediate charge of the goods, and who represented that they did not belong to the silk company; that subsequently Hadden & Co. gave to the sheriff a bond. And it appears from the testimony of Thompson that after May 21st, and before May 25th, he knew that the 45 cases were to be removed by the bank, and that he had given instructions to permit such a removal, if desired by the bank's representatives. There was no error in the statement of the facts, or in the inferences from them which were given in the opinion. We find no reason for altering the conclusions of the court, and its previous decision is affirmed.